UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 18-08599 SJO (JPRx)      **DATE:** December 11, 2018

**TITLE:**      Susie Meekins v. Chipotle Services, LLC

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**      **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                  Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** [Docket No. 9]; **ORDER GRANTING JURISDICTIONAL DISCOVERY**

This matter is before the Court on Plaintiff Susie Meekins' ("Plaintiff") Motion To Remand Case To Los Angeles Superior Court ("Motion"), filed November 5, 2018. Defendant Chipotle Services, LLC ("Chipotle" or "Defendant") opposed the Motion on November 13, 2018. Plaintiff filed a Reply on November 17, 2018. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion. The Court **ORDERS** limited jurisdictional discovery to determine if there is diversity of citizenship between Plaintiff and Defendant. Plaintiff shall be limited to **five (5)** interrogatories in this regard.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff contends that she was discriminated against and ultimately terminated from her employment at a Chipotle store in April of 2018, because of her pregnancy and the fact that she suffered from hyperemesis gravidarum, a severe form of nausea connected to pregnancy. (*See* Compl. ¶¶ 9-18, Ex. A to Not. of Removal, ECF No. 1-1.) Plaintiff brings causes of action against Chipotle for: (1) pregnancy discrimination under California Government Code Sections 12926 et seq., 12940 et seq., and 12945 et seq.; (2) failure to accommodate pregnancy under California Government Code Section 12945(a)(3)(A); (3) failure to engage in a good faith interactive process under Government Code Section 12945(a)(3)(A); (4) interference with pregnancy disability leave rights under California Government Code Section 12945 et seq.; (5) disability discrimination under California Government Code Section 12940(a); (6) failure to reasonably accommodate disability under California Government Code Section 12940(m); (7) failure to engage in a good faith interactive process under California Government Code Section 12940(n); (8) retaliation in violation of the Fair Employment and Housing Act, California Government Code Section 12940(h) and (m)(2); (9) failure to prevent discrimination and retaliation under California Government Code Section 12940(k); and (10) wrongful termination in violation of public policy. (Compl. at 5-15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CIVIL MINUTES - GENERAL

**CASE NO.:**   CV 18-08599 SJO (JPRx)          **DATE:** December 11, 2018

Plaintiff filed the operative complaint against Defendant in the Superior Court for the County of Los Angeles on September 5, 2018.  (*See* Compl.)  Plaintiff subsequently served the Complaint on Chipotle on September 7, 2018.  (*See* Summons, Ex. B to Not. of Removal, ECF No. 1-2.)

On October 5, 2018, Defendant removed this action to this Court on the basis of diversity jurisdiction.  (*See* Not. of Removal.)  Defendant contends that at the time of removal: (1) Plaintiff was domiciled in and a resident of the State of California,  (Not. of Removal at 3), (2) Chipotle was an LLC organized under the laws of Colorado whose sole member was Chipotle Mexican Grill, Inc., (Declaration of Esther Smiley ("Smiley Decl.")¶ 5, Ex. E to Not. of Removal, ECF No. 1-5), (3) Chipotle Mexican Grill was a citizen of the States of Delaware and Colorado, (*see* Smiley Decl. ¶ 6), and (4) Chipotle and Chipotle Mexican Grill's "principal place of business" was in Denver, Colorado, (*see* Smiley Decl.¶ 6.)

Plaintiff challenges Defendant's claim as to the citizenship of Chipotle Mexican Grill.  According to Plaintiff, Defendant and Chipotle Mexican Grill were citizens of California at the time of removal.  (Mot. at 4.)  Specifically, Plaintiff argues that Defendant is an LLC, its sole member is Chipotle Mexican Grill, and Chipotle Mexican Grill's  "principal place of business" and "nerve center" were located in Newport Beach, California on October 5, 2018.  (Mot. 5-6.)

These proceedings followed.

II.     DISCUSSION

        A.     Legal Standard

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the litigating parties.  *See* 28 U.S.C. § 1331.  For purposes of diversity jurisdiction, an LLC is a citizen of the states of its members.  Where, as here, an LLC is comprised of a corporate member, the LLC is a citizen of the state of that corporation.  The corporation, in turn, is a citizen of the state in which it is incorporated and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  A corporation's principal place of business is the place where its officers "direct, control, and coordinate the corporation's activities." *Id.* at 92-93.

Diversity is determined by the state of the facts at the time the action was filed, if the action was first brought in federal court, or the time an action was removed to federal court, if the action was first brought in state court.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

Any civil action over which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district where such action is pending.  28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:   CV 18-08599 SJO (JPRx)        DATE: December 11, 2018


U.S.C. § 1441(a).  A federal court may order a remand to state court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).  The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567.  Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists...." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017).  The federal rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id. See also Pac. Am. Fish Co. v. Linkfresh, Inc.*, No. CV 17-6999-R, 2018 WL 376691, at *1 (C.D. Cal. Jan. 10, 2018) (summarizing evidentiary standards to analyze removal jurisdiction).

### B.    Analysis

In the instant case, Defendant alleges the basic facts necessary to establish this Court's jurisdiction. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Defendant is an LLC, and its sole member is Chipotle Mexican Grill.  According to Defendant, Chipotle Mexican Grill's principal place of business and "nerve center" at the time of removal was in Colorado.  The Executive Directors of Operation Services, Financial Planning & Analysis, Customer Engagement Marketing, and Supply Chain all worked at Chipotle Mexican Grill's headquarters in Denver.  (Smiley Decl. at ¶¶ 18, 19, 21, 22.)

Plaintiff, however, provides some evidence that casts doubt on the location of Chipotle Mexican Grill's "principal place of business" and "nerve center" at the time of removal.  Plaintiff submits four news articles that purport to show that Chipotle Mexican Grill was actually located in Newport Beach, CA on October 5, 2018.  (*See, e.g., Hello, Chipotle: Burrito-bowl chain now home in Newport Beach*, ECF No. 9-6 (news article reporting that Chipotle's corporate headquarters had moved to Newport Beach as of August 2018.))

Despite Defendant's allegations in the Notice of Removal and Plaintiff's submission of news articles,  neither party has provided sufficient information to this Court to reach a definitive holding as to this Court's jurisdiction. On the one hand, Defendant's primary evidence are self-serving declarations that purport to establish that key personnel for Chipotle remained in Colorado in October of 2018.  *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (holding that uncorroborated and self-serving declarations may be entitled to less weight as an evidentiary matter).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
| --- | --- |
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:**   CV 18-08599 SJO (JPRx)          **DATE:** December 11, 2018

On the other hand, the Court cannot rely on Plaintiff's proffered news articles to reach a holding that it lacks jurisdiction.  As Defendant points out, much of the material in the news articles is hearsay and therefore, would be inadmissible in a court proceeding.  (Opp'n at 2-3.)  Moreover, the Court cannot take judicial notice of the material in the news articles.  Under Federal Rule of Evidence 201, the Court can only judicially notice "[o]fficial acts of the legislative, executive, and judicial departments of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."  Fed. R. Evid. 201.  "[T]o the extent the court **can** take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"  *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)).

To be sure, the rules of evidence are relaxed in the context of a motion to remand, and this Court may reach a decision based on all of the information before it, whether this evidence would be admissible at a trial.  *See Jankins*, 2017 WL 1181562, at *3.  Therefore, the Court could review the material in the news articles to reach a decision as to its jurisdiction.  The rules of evidence, however, are a means of ensuring that the information before this Court is reliable.  Here, Plaintiff's proffered news articles are not reliable enough for the Court to make a definitive holding as to Defendant's "nerve center" and "principal place of business" at the time of removal.  The news articles are unauthenticated and contain hearsay information.

Accordingly, in the interest of judicial economy, the Court orders limited jurisdictional discovery to confirm that it retains jurisdiction over the instant case based on the diversity of the parties.  *See* Fed. R. Civ. P. 1 ("[The federal rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir.2008).  "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Id.* (citations omitted).

///
///
///
///
///
///
///
///
///
The Court will allow discovery only insofar as Plaintiff seeks to determine the precise time at which Chipotle Mexican Grill moved its "nerve center" and "principal place of business" from Denver,

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**  **CV 18-08599 SJO (JPRx)**       **DATE:** December 11, 2018

Colorado to Newport Beach, CA.  The Court seeks to determine whether Chipotle Mexican Grill's "principal place of business" was in Colorado on October 5, 2018.  Plaintiff will be limited to five interrogatories in this regard.

III.    RULING

The Court **DENIES** Plaintiff's Motion To Remand **without prejudice**.  The Court orders jurisdictional discovery to determine the "principal place of business" and "nerve center" of Defendant's sole member, Chipotle Mexican Grill, at the time of the removal of this action.  Plaintiff will be limited to **5 (five)** interrogatories in this regard.

IT IS SO ORDERED.